**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



MAY 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMRIK SINGH,

     Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

     Respondent.

No. 12-73769

Agency No. A079-287-117

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:  CLIFTON, BEA, and WATFORD, Circuit Judges.

 Amrik Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Even if Singh's asylum application was timely, substantial evidence supports the agency's adverse credibility determination based on the inconsistency regarding the length of Singh's first detention, which went to the heart of his claim of persecution by Indian police. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding."). We reject Singh's contention that he was not given an opportunity to explain. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Singh's CAT claim fails because it is based on the same statements found not credible, and Singh does not point to any other evidence in the record to compel the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in India. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**